## WOLFE v. HAMPTON.

(Filed September 9, 1902.)

EVIDENCE—*Witnesses.*

> Where a plaintiff first testifies as to what passed between defendant and the deceased, the defendant is entitled to give his version of the same transaction.

ACTION by T. B. Wolfe and others against W. H. Hampton, heard by Judge *H. R. Starbuck* and a jury, at December (Special) Term, 1901, of the Superior Court of WASHINGTON County. From a judgment for the defendant, the plaintiff appealed.

*W. M. Bond,* for the plaintiffs.
*A. O. Gaylord,* for the defendant.

CLARK, J. The plaintiffs, children of H. E. Wolfe, bring this action as the beneficiaries named in a life insurance policy. They allege that the defendant in 1885 contracted with their father for a consideration to keep up the policy by paying the premiums thereon, but that in December, 1888, the defendant defaulted in such payment, whereby the policy became forfeited. H. E. Wolfe died in 1897. This action was instituted in November, 1900.

T. B. Wolfe, one of the plaintiffs, testified that the defendant agreed with his father and himself, for the consideration named, to keep the premiums on said policy paid up, and that after his father's death he saw the defendant, who, admitted said agreement, and that he had allowed the policy to lapse in 1888. The defendant testified that his agreement with H. E. Wolfe was that he (witness) would pay the premiums only so long as they did not exceed the then rate of $3.40 per month, and that any excess above $3.40 should be paid by Wolfe; that no one was present besides H. E.

Wolfe and himself, and that when the excess became heavy Wolfe stopped paying, and that this was the sole cause of the forfeiture. The exception to this evidence of the conversation and contract between the witness and the deceased is the only point presented, as the other exception is as to evidence admitted upon another issue, which became immaterial, in view of the finding upon this issue, and which, consequently, the jury did not pass upon.

As the plaintiff, T. B. Wolfe, first gave his version as to what passed between his father and the defendant, it could not be error to permit the defendant to give his account of the same transaction.

No Error.